# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELDON WAYNE BAYLESS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 09-CV-692-TCK-PJC ) |
| MIKE MULLIN, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court for consideration is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 5), and has provided the state court records necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds the petition shall be denied.

## *BACKGROUND*

On September 12, 2005, police officers for the City of Pryor were called to the house of Petitioner and his wife, Jacquelyn Bayless. The couple was engaged in a dispute over the ramifications of a quit claim deed executed by Ms. Bayless.[1] Although no resolution was reached, Ms. Bayless agreed to leave the property for the night. The next day, September 13, 2005, a Mayes County Deputy Sheriff and a City of Pryor Police Officer accompanied Ms. Bayless to the residence occupied by Petitioner to serve a protective order on Petitioner. After being served with the

---

[1] Petitioner claimed that the deed conveyed Ms. Bayless's pre-marital interest in the property where the house was located to him. In contrast, Ms. Bayless claimed that the deed only conveyed her interest in property that was adjacent to the house, and not the property on which the house was situated. See Dkt. # 5, Ex. 2 (Brief of Appellee, filed in Case No. F-2007-1000).

protective order, Petitioner left the residence. After Petitioner's departure, Ms. Bayless then asked the law enforcement officers to search the residence. During the search, officers found various items associated with drug use. Illegal controlled substances were also found among the items collected at the residence.

On September 14, 2005, as a result of the illegal items recovered from the residence, Petitioner was charged in Mayes County District Court, Case No. CF-2005-296, with Unlawful Possession of a Controlled Drug, Methamphetamine (Count 1), Unlawful Possession of Marijuana (Count 2), and Unlawful Possession of Paraphernalia (Count 3). On August 10, 2006, Petitioner's defense counsel filed a motion to suppress evidence based on an unlawful search. See Dkt. # 5, Ex. 4. On October 13, 2006, the motion to suppress was denied by minute order. Id., Ex. 5. On June 10, 2007, Petitioner was tried in a bench trial. The charges for counts 1 and 2 were merged. After hearing the evidence presented at trial, the trial judge took the matter under advisement. On August 1, 2007, the trial judge entered an order finding Petitioner guilty of Possession of a Controlled Drug (Count 1) and Possession of Paraphernalia (Count 2). On September 25, 2007, Petitioner was sentenced to eight (8) years imprisonment on Count 1 and one year in the county jail on Count 2, with the sentences ordered to be served concurrently.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he raised one (1) proposition of error as follows:

> Proposition: The warrantless search of the residence was unlawful and unconstitutional under the Fourth and Fourteenth Amendments to the U.S. Constitution and all fruits of the search must therefore be suppressed.

(Dkt. # 5, Ex. 1). In an unpublished summary opinion, filed October 30, 2008, in Case No. F-2007-1000, see Dkt. # 5, Ex. 3, the OCCA affirmed Petitioner's Judgment and Sentence.

Petitioner filed the instant habeas corpus action on October 26, 2009 (Dkt. # 1). In his petition, Petitioner raises the single claim he raised on direct appeal. In response to the petition, Respondent argues that this Court is precluded from considering Petitioner's Fourth Amendment claim based on the holding of Stone v. Powell, 428 U.S. 465 (1976). See Dkt. # 5.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Fourth Amendment claim precluded by Stone v. Powell, 428 U.S. 465 (1976)**

As his only claim, Petitioner asserts that his convictions were obtained as the result of an unlawful search. Petitioner contends, as he did on direct appeal, that the evidence obtained as a result of the search of his residence should have been suppressed based on violation of the Fourth and Fourteenth Amendments. See Dkt. # 1. Petitioner argues that while his wife gave permission for the search, she did not have the legal authority to do so. On direct appeal, the OCCA rejected this claim, citing Sullivan v. State, 716 P.2d 684 (Okla. Crim. App. 1986); Burkham v. State, 538 P.2d 1121, 1124 (Okla. Crim. App. 1975), and finding that "because Ms. Bayless indeed possessed common authority to consent to a search, Appellant can find no relief at all and the proposition must be denied." See Dkt. # 5, Ex. 3.

3

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court may not overturn a state criminal conviction because of a violation of the Fourth Amendment if the petitioner had a full and fair opportunity to litigate the claim. Brown v. Sirmons, 515 F.3d 1072, 1082 (10th Cir. 2008); Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978).

The Court need not belabor its discussion of Petitioner's Fourth Amendment claim because the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his claim. Prior to commencement of trial, Petitioner filed a motion to suppress, along with a supporting brief, see Dkt. # 5, Ex. 4, in which he challenged the validity of the search of his residence. By minute order filed October 13, 2006 (Dkt. # 5, Ex. 5), the trial court denied the motion. As indicated above, Petitioner also raised his Fourth Amendment claim on direct appeal (see id., Ex. 1), where it was rejected by the OCCA (see id., Ex. 3).

Based on the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. As a result, this Court is precluded from considering the issue raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494; see also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards).

Petitioner's request for habeas relief premised on violations of the Fourth Amendment shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that consideration of Petitioner's claim challenging the constitutionality of the search of his residence is barred by <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976). His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**SO ORDERED** this 1st day of February, 2012.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE